# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:12-CR-000328-(5)-LJO-SKO |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782 |
| JUAN ANDRES ALMARAZ, | |
| Defendant. | |
| | (Doc. 197) |

Before the Court is Defendant Juan Andres Almaraz's *pro se* motion to reduce his sentence [1] (Doc. 197), under section 1B1.10(b)(1) of the United States Sentencing Guidelines ("U.S.S.G") and Amendment 782 ("the Amendment") to the U.S.S.G.,[2] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 202. The Office of the Federal Defender filed notice that it did not recommend appointment of counsel in this case. *See* Doc. 198. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR") (Doc. 159), and the relevant law, the Court will deny the motion.

---

[1] While not explicitly styled as such, the Court will construe Defendant's filing as a motion to reduce his sentence because it appears to argue that Defendant is eligible for a two-level reduction pursuant to Amendment 782.
[2] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I.   BACKGROUND

On July 14, 2014, Defendant Almaraz pleaded guilty to one count of a two-count Superseding Indictment for violation of sections 846, 841(a)(1), and 841(b)(1)(A) of Title 21 of the U.S. Code, conspiracy to distribute methamphetamine. Doc. 134; PSR ¶ 1.

Defendant's PSR recommended a total offense level of 35. PSR ¶ 27. The applicable guideline for Defendant's offense is § 2D1.1, which predicates the base offense level upon the amount of drugs involved in the case. Under the version of § 2D1.1 applicable at the time the PSR was prepared, 1.5 kilograms of actual methamphetamine was the threshold amount required to trigger a base offense level of 38. *See* U.S.S.G. § 2D1.1(c) (2013). Thus, because Defendant's offense "involved a quantity of actual methamphetamine exceeding 1.5 kilograms," the PSR determined his base offense level to be 38. PSR ¶ 23. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 35. *Id.* at ¶¶ 25-27. At a total offense level of 35, with a criminal history category of I, the Guidelines range was 168 to 210 months of imprisonment, and the PSR accordingly recommended a sentence of 168 months of imprisonment. *Id.* at 14.

On October 6, 2014, the Court adopted the PSR's recommendation and sentenced Defendant to 168 months of imprisonment. Doc. 165.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *United States v.*

2

*Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). "[T]he only 'appropriate use' of sentence modification proceedings under section 3582(c) is to adjust a sentence in light of a Guidelines amendment," so courts may not use such proceedings "as a 'full resentencing' that reconsiders a sentence based on factors unrelated to a retroactive Guidelines amendment." *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011).

## III.   DISCUSSION

Defendant Almaraz seems to assert that he is eligible for a two-level reduction under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d).  Doc. 197. Specifically, he points out that his base offense level was reduced from 38 to 35 for his sentencing, and claims that other inmates with similar records have received two-level reductions pursuant to Amendment 782. *Id.* Furthermore, he seeks clarification on the position of the Office of the Federal Defender in his case, that he is ineligible for a two-level reduction because the "points level for [his] crime was a 38." *Id.*

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges

established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

At issue is whether Defendant can pass step one of the inquiry. *See* Doc. 202, at 4. The Government contends that Amendment 782 has not reduced the applicable guideline range for Defendant, because his offense "involved 4.5 kilograms or more of actual methamphetamine." *Id.* Upon its review of the record, the Court has determined that while the Government's position is ultimately correct, a further and more detailed explanation would be beneficial to both parties. Such an explanation is especially warranted because in this case, the PSR did not attribute a specific amount of methamphetamine to Defendant, but rather, assigned him a base offense level of 38 on account of "the offense involve[ing] a quantity of methamphetamine (actual) exceeding 1.5 kilograms." PSR ¶ 17. In light of the PSR's ambiguity, along with Amendment 782's elevation of the drug quantity threshold from 1.5 to 4.5 kilograms of methamphetamine for a base offense level of 38, the Court finds it appropriate to examine the record in order to establish, conclusively, the drug quantity attributable to Defendant for purposes of the instant motion. *See United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012), overruled on other grounds by *United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015) (in adjudicating a § 3582(c)(2) motion, a district court may "consider the record as a whole" and make new findings "where, as here, retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level" so long as "those findings are not inconsistent with those made at the original sentencing").

Section 1B1.3 of the Guidelines, entitled "Relevant Conduct (Factors that Determine the Guideline Range)," articulates the basis for computing a defendant's base offense level. *See United States v. Grissom*, 525 F.3d 691, 697 (9th Cir. 2008). Section 2D1.1, the guideline for Defendant's offense—conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846—requires that the Court account for the quantity of methamphetamine when determining the base offense level. *See id.* "Where there are multiple drug transactions, the Application Notes to this guideline states that 'the quantities of the drugs are to be added.'" *Id.* (quoting § 2D1.1 cmt. n. 6). Thus, under § 1B1.3(a), the calculation of the quantity of drugs

1   attributable to Defendant should include not only his own acts, but also acts of others that were

2   "within the scope of the jointly undertaken criminal activity, [] in furtherance of that criminal

3   activity, and [] reasonably foreseeable in connection with that criminal activity." *See id.*; *accord*

4   *United States v. Seymour*, 519 F.3d 700, 710-11 (7th Cir. 2008) ("For sentencing purposes, a

5   criminal defendant convicted of a drug trafficking conspiracy is liable for the reasonably foreseeable

6   quantity of drugs sold by his or her co-conspirators.").

7         Turning to the PSR and the signed plea agreement, which describe the details of Defendant's

8   offense, the Court finds that the record supports a finding that 49.4 kilograms of actual

9   methamphetamine may be attributed to Defendant for purposes of calculating his base offense level.

10   According to the PSR, Defendant was involved with the Caballero Drug Trafficking Organization,

11   led by Javier Caballero-Orozco ("Mr. Caballero-Orozco") which was "responsible for the

12   distribution of significant quantities of methamphetamine throughout California." PSR ¶ 5.

13   Defendant's role "was essential to the organization as his responsibilities involved manufacturing

14   and transporting significant quantities of methamphetamine." *Id.* at ¶ 12. On July 20, 2012, an

15   intercepted telephonic conversation revealed that Defendant was to furnish Mr. Caballero-Orozco

16   with approximately six kilograms of actual methamphetamine. *Id.* at ¶ 6. A search warrant at the

17   residence of Mr. Caballero-Orozco, executed on July 27, 2012, revealed the six kilograms of actual

18   methamphetamine in a hidden compartment of Mr. Caballero-Orozco's vehicle. *Id.* Additionally, on

19   August 7, 2012, agents executed a search warrant at Defendant's residence, at which they discovered

20   a clandestine methamphetamine conversion laboratory. *Id.* at ¶ 8. On the same date, a separate

21   search warrant executed at a location where Defendant was known to deliver methamphetamine on

22   multiple prior locations. *Id.* at ¶ 9. From these two locations, agents seized approximately 43.4

23   kilograms of actual methamphetamine. *Id.* This information is confirmed in the factual basis

24   contained in Defendant's plea agreement, which includes a summary of facts to which Defendant

25   has stipulated. Doc. 159-1 at 5-6.

26         Accordingly, as Defendant's offense involved 49.4 kilograms of actual methamphetamine, he

27   is ineligible for a reduction in his sentence pursuant to Amendment 782. Although the Amendment

28   reduces by two the base offense levels for most drug offenders, the Amendment does not lower the

base offense level for defendants whose crimes involved more than 4.5 kilograms of actual methamphetamine. Amendment 782, §§ 1B1.10, 2D1.1(c). As a result, Defendant's base offense level remains at 38, and his criminal history is unchanged at category I. The applicable sentence guideline range for a defendant with an adjusted offense level of 35 and a criminal history category of I remains at 168 to 210 months, the same as the previous range applicable to his case before Amendment 782 took effect. U.S.S.G. Ch. 5, Pt. A. Thus, Amendment 782 has not reduced the guideline range applicable in Defendant's case.

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates the finding that no reduction of sentence may occur. *See United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant does not qualify for a sentence reduction. To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is that Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon. See Dunn*, 728 F.3d at 1155.

## IV.    CONCLUSION AND ORDER

The Court concludes that Defendant has no basis for seeking a reduction in his sentence, and thus, his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Juan Andres Almaraz's motion to reduce his sentence (Doc. 197) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   __**January 19, 2016**__          ____/s/ Lawrence J. O'Neill____
                                                                                UNITED STATES DISTRICT JUDGE