1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| UNITED STATES OF AMERICA, | CASE NO. 1:12-CR-00328-LJO-SKO |
|---|---|
| Plaintiff | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL |
| JUAN ANDRES ALMARAZ, | |
| Defendant. | |
| | ECF No. 217 |

17
18
19
20
21
22
23
24
25
26
27
28

Defendant Juan Andres Almaraz ("Defendant") has requested that this Court appoint counsel to represent him in a motion pursuant to 28 U.S.C. § 2255 ("§ 2255") in the event he is eligible to receive § 2255 relief under the Ninth Circuit's decision *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). ECF No. 217. In *Quintero-Leyva*, the Ninth Circuit determined that the United States Sentencing Commission's issuance of Amendment 794 on November 1, 2015, which amended the commentary to section 3B1.2 ("§ 3B1.2") of the United States Sentencing Guidelines, applies retroactively on direct appeal. 823 F.3d at 521. Therefore, because the record in *Quintero-Leyva* did not clearly indicate whether the district court had considered all of the factors listed in § 3B1.2 when it denied the defendant's request for a minor role reduction during his sentencing proceedings, the Ninth Circuit reversed the district court's denial of the minor role reduction, and remanded with the instruction that the district court consider the factors in § 3B1.2, as modified by

Amendment 794.[1] *Id.* at 523. As a result of *Quintero-Leyva*, a defendant can successfully appeal a district court's denial of a § 3B1.2 minor role reduction if it is apparent from the record that the district court did not consider all of the factors now listed in § 3B1.2, even if the defendant was sentenced *before* the effective date of Amendment 794, so long as the defendant's case was not yet final or was pending direct review as of November 1, 2015. *See, e.g.*, *United States v. Ismelda Sanchez*, ___ Fed. Appx. ___, 2016 WL 7384065, at *1 (9th Cir. Dec. 21, 2016) ("Because we cannot determine from the record whether the district court followed the guidance of [Amendment 794]'s clarifying language and considered all of the now-relevant factors, we vacate Sanchez's sentence and remand for resentencing under [Amendment 794]."); *United States v. Lopez-Diaz*, 650 Fed. Appx. 359, 360 (9th Cir. May 17, 2016) (same).

Here, Defendant has requested that the Court appoint counsel to assist him in a § 2255 motion. There is no constitutional right to counsel in a collateral, post-conviction proceedings, such as § 2255 motions, *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990), and motions made pursuant to 18 U.S.C. § 3582, *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). Only a narrow range of claims fall within the scope of § 2255, *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981), and claims regarding the application of the Sentencing Guidelines amendments are more properly brought under § 3582, *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995). More importantly, it is clear that Amendment 794 and *Quintero-Leyva* have no application in proceedings under either § 2255 or § 3582, because *Quintero-Leyva* applies only in cases on direct appeal. *See United States v. Bazaldua*, 2016 WL 5858634, at *1 (D. Minn. Oct. 5, 2016) (finding that Amendment 794 "is not among those amendments for which collateral relief may be sought under § 3582(c)"); *Seferos v. United States*, 2016 WL 6405810, at *2 (D. Idaho Oct. 27,

---

[1] Amendment 794 modified the language of § 3B.1.2 and directed that sentencing courts must consider the following factors in determining whether to apply a minor role reduction:

    (i)     The degree to which the defendant understood the scope and structure of the criminal activity;
    (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;
    (iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
    (iv)   the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
    (v)    the degree to which the defendant stood to benefit from the criminal activity.

*Quintero Leyva*, 823 F.3d at 524.

2016) (noting that in *Quintero-Leyva*, the Ninth Circuit held that "Amendment 794 is a clarifying amendment that applies retroactively on direct review, [but] it did not extend this holding to cases like Petitioner's, where collateral—rather than direct—review is sought," and denying the petitioner's § 2255 motion); *see also United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (holding that clarifying amendments do not apply retroactively in sentencing reduction motions pursuant to § 3582). The Court additionally notes that Defendant did not file a direct appeal of his sentence, and the deadline to file such an appeal has expired. *See* ECF No. 165 (Defendant's Judgment and Commitment, entered on October 6, 2014); Federal Rule of Appellate Procedure 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after … the entry of either the judgment or the order being appealed"). For these reasons, the Court finds that Amendment 794 and *Quintero-Leyva* are inapplicable in Defendant's case, and DENIES Defendant's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated:   **January 3, 2017**          **/s/ Lawrence J. O'Neill**
                                   UNITED STATES CHIEF DISTRICT JUDGE